UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RODERICK R. DAVIDSON, | ) | |
| | ) | |
| Petitioner, | ) | 2:13-cv-01681-JCM-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| DWIGHT NEVEN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court concludes that the petition must be dismissed for the reasons discussed below.

On page one of the federal habeas petition, petitioner states that his motion to correct an illegal sentence is presently pending on appeal in the Nevada Supreme Court. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief, absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). The *Younger* abstention doctrine applies to claims raised in federal habeas corpus

proceedings. *Edelbacher v. Calderon*, 160 F.3d 582, 587 (9th Cir. 1998); *Carden v. State of Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980), *cert. denied*, 449 U.S. 1014 (1980).  The *Younger* abstention doctrine is required when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. at 432; *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994).  Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction, and perhaps in other special circumstances where irreparable injury can be shown, is federal injunctive relief against pending state prosecutions appropriate.  *Carden v. Montana*, 626 F.2d 82, 83-84 (citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

In the instant case, all prerequisites to the *Younger* abstention doctrine are present.  First, petitioner is currently the subject of a criminal proceeding in state court, which is ongoing and has not reached final adjudication.  Second, the state of Nevada has an important interest in protecting the public through the prosecution of criminal proceedings.  Third, the state court criminal proceedings afford an opportunity for petitioner to raise the constitutional claims asserted in the federal habeas petition.  Finally, petitioner has not demonstrated any extraordinary circumstance why this Court should not abstain from entertaining the petition.  For the reasons discussed above, the federal habeas petition is dismissed without prejudice.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** to petitioner filing a new petition once state court proceedings have concluded.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed *in forma pauperis* (ECF No. 2) and petitioner's motion for the appointment of counsel (ECF No. 3) are **DENIED AS MOOT.**

**IT FURTHER IS ORDERED** that a certificate of appealability is **DENIED.** Reasonable jurists would not find the dismissal of the improperly-commenced action without prejudice to be debatable or wrong.

**IT IS FURTHER ORDERED** that the clerk of court **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated February 3, 2014.

_____
UNITED STATES DISTRICT JUDGE